UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS WALSH,

          Plaintiff,

     v.                                       **MEMORANDUM & ORDER**
                                                  17-CV-5465 (WFK)

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court are two motions by the Plaintiff, seeking (1) $11,505.11 in net attorney's fees pursuant to 42 U.S.C. § 406(b); and (2) substitution of Anthony Walsh as the party for plaintiff pursuant to Fed. R. Civ. P. 25(a). For the reasons to follow, both motions are GRANTED.

## BACKGROUND

On September 18, 2017, Thomas Walsh ("Plaintiff") filed a Complaint seeking judicial review and reversal of the Social Security Administration's ("SSA") decision denying his applications for disability benefits under Title II and XVI of the Social Security Act. *See* Complaint, ECF No. 1. On September 26, 2018, by stipulation of the parties and pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Court reversed the decision by the Commissioner of Social Security ("Commissioner") and remanded the case for further administrative proceedings. Stipulation and Order, ECF No. 12.

On January 10, 2019, this Court approved a stipulation between the parties awarding Plaintiff's counsel $3,025.39 in attorney's fees under the Equal Access to Justice Act ("EAJA"). *See* Stipulation and Order, ECF No. 17.

On April 28, 2020, Plaintiff moved for attorney's fees under 42 U.S.C. § 406(b), seeking an attorney fee of $20,030.50 out of the past due Social Security Disability benefits payable to the Plaintiff for the period from March 2012 through January 2020, less $8,525.39 already

1

received as attorney's fees under the Equal Access to Justice Act,[1] for a net payment of $11,505.11 under 42 U.S.C. § 406(b). Pl. Fee Mot. at 1–2, ECF No. 18. In support of his request, Plaintiff's counsel states he expended a total of 44.4 hours in connection with this action, resulting in a *de facto* hourly rate of $451.14. Pl. Mem. at 4, ECF No. 20.

On April 16, 2021, Plaintiff moved to substitute Anthony Walsh as the party in interest for his deceased father, Thomas Walsh, pursuant to Federal Rule of Civil Procedure 25(a). Pl. Mot. for Substitution, ECF No. 27.

## DISCUSSION

### I. Plaintiff's Motion for Attorney's Fees

Pursuant to 42 U.S.C. § 406(b), "a court that enters a judgment favorable to a social security claimant [may] award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled 'by reason of such judgment.'" *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019) (quoting 42 U.S.C. § 406(b)(1)(A)). Courts enforce contingency fee arrangements unless they are unreasonable. *See Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). Even where a contingent fee agreement does not exceed the statutory limit of twenty-five percent of the past-due benefits, courts must "review . . . such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "[B]ecause section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17.

#### A. Timeliness of the Motion for Attorney's Fees

---

[1] In addition to the EAJA fees Plaintiff received by stipulation in this action, ECF No. 17, Plaintiff also received $5,500 in EAJA attorney's fees in a 2016 civil action. Bowes Decl. ¶ 28, ECF No. 19.

2

While 42 U.S.C. § 406(b) does not provide a limit within which such attorney's fee application must be made, the Second Circuit has held a motion under this section must be filed in accordance with Federal Rule of Civil Procedure 54(d)(2). *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019). Rule 54 provides that a motion for attorney's fees must be filed within fourteen days of the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). "A 'sentence four' remand is a final and appealable judgment." *Sinkler*, 932 F.3d at 86–87 (citing *Forney v. Apfel*, 524 U.S. 266, 270–71 (1998)). However, this fourteen-day period is "subject to equitable tolling when § 406(b) motions must await the SSA Commissioner's calculation of benefits following a district court's sentence four remand judgment. In that circumstance, the fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation." *Id.* at 91. However, courts in this Circuit have adopted a "flexible reading of this notice requirement allowing tolling of the filing period until counsel's receipt of the Award." *Bass v. Kijakazi*, No. 16 CIV. 6721 (JCM), 2022 WL 1567700, at *2 (S.D.N.Y. May 18, 2022) (McCarthy, Mag. J.) (citing cases).

Here, the Notice of Award is dated March 24, 2020. Bowes Decl. ¶ 23. Plaintiff's counsel received the Notice of Award from Plaintiff's administrative counsel on April 17, 2020. *Id.* ¶ 24. Plaintiff's motion for approval of his contingent fee agreement was filed in this Court on April 28, 2020, eleven days after receipt of the Notice of Award. *See* Pl. Fee Mot. The Court therefore deems Plaintiff's motion to be timely.

**B. Reasonableness of the Fee**

In the Social Security Disability context, contingency fees are capped at twenty-five percent of past-due benefits, and courts must ensure the resulting fees are "reasonable." 42 U.S.C. § 406(b)(1)(A). The reasonableness analysis requires courts to consider: "the character of

3

the representation and the result the representative achieved," "whether a claimant's counsel is responsible for undue delay," "whether there was fraud or overreaching in the making of the contingency agreement" and "whether a requested fee would result in a 'windfall' to counsel." *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). "[S]ince there is no shifting of fees under § 406(b), courts need not be Solomon-like arbiters of 'reasonableness.'" *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Instead, "because a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Id.* There was no indication of fraud or overreaching in the making of the instant contingency agreement; therefore the Court looks to the "character of the representation and the result the representative achieved," whether there was "undue delay" caused by claimant's counsel, and whether the requested fee represents a "windfall" to counsel. *Fields*, 24 F.4th at 849.

"In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the *de facto* hourly rate." *Fields*, 24 F.4th at 854. Among other things, courts also consider "the ability and expertise of the lawyers and whether they were particularly efficient," "the nature and length of the professional relationship with the claimant," "the satisfaction of the disabled claimant," and "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55. To reduce a fee solely on the basis that it represents a windfall, a court must find it is "truly clear that the fee is unearned by counsel." *Id.*

Here, the $20,030.50 sought represents twenty-five percent of the $80,122.00 in past-due benefits awarded, and yields an hourly rate of $451.14 based on the expenditure of 44.4 hours of attorney time. Pl. Mem. at 4; Bowes Decl. ¶ 30. This de facto hourly rate is consistent with Plaintiff's counsel's typical $450.00 hourly rate on a non-contingent fee basis, *see* Bowes Decl. ¶ 40. Indeed, Plaintiff's counsel has received a de facto rate of $500.00 per hour in a similar action in this district. *See Morris v. Saul*, No. 17-CV-259 (PKC), 2019 WL 2619334, at *3 (E.D.N.Y. June 26, 2019) (Chen, J.).

The "ability and expertise" of counsel, weighs in favor of finding the requested fee reasonable. Plaintiff's counsel has more than twenty-five years of experience litigating Social Security cases in federal court and in administrative proceedings, and his representation of Plaintiff here was efficient and effective. Bowes Decl. ¶ 38. Regarding the "nature and length of the professional relationship with the claimant," and "the satisfaction of the disabled claimant," the Court notes Plaintiff's counsel began his representation of Plaintiff in 2016, achieved a remand of that action that same year, and represented Plaintiff again with respect to the instant appeal of Plaintiff's second unfavorable administrative decision in 2017. Bowes Decl. ¶¶ 9–18. Plaintiff's counsel once again achieved a favorable outcome for Plaintiff: the Defendant agreed to stipulate to reverse and remand the case for additional administrative proceedings. ECF Nos. 11–12. Finally, the uncertainty surrounding whether this case would result in favorable award for Plaintiff and the effort required to achieve that result weighs against a fee reduction. In contingency agreements like the one in the present case, "payment . . . is inevitably uncertain, and any reasonable fee award must take account of that risk." *Velez v. Comm'r of Soc. Sec.*, No. 18-CV-9754, 2021 WL 2310517, at *4 (S.D.N.Y. June 7, 2021) (Krause, Mag. J.) (quoting *Nieves v. Colon*, No. 13-CV-1439, 2017 WL 6596613, at *2

5

(S.D.N.Y. Dec. 26, 2017) (Gorenstein, Mag. J.)). Considering each of these factors, the Court finds the requested rate reasonable and grant's Plaintiff's request for attorney's fees.

### C. EAJA Credit

When fees are awarded to a claimant's counsel under both the EAJA and 42 U.S.C. § 406(b), "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796–97 (2002) (citing Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186). Although some out-of-circuit opinions have offset the amount of the EAJA fee against the 42 U.S.C. § 406(b) award, "courts in this Circuit have uniformly denied similar requests to offset section 406(b) fees so as to avoid the reporting of income to the claimant." *Reyes v. Berryhill*, No. 17-CV-7214 (RLM), 2021 WL 1124752, at *4 (E.D.N.Y. Mar. 24, 2021) (Mann, Mag. J.) (citing cases).

The Court therefore directs Plaintiff's counsel to refund the "smaller fee," which is the $8,525.39 of EAJA credit, to the Plaintiff.

### II.   Plaintiff's Motion to Substitute Anthony Walsh as Plaintiff

Pursuant to Federal Rule of Civil Procedure 25(a), if a party dies, a "motion for substitution may be made by any party or by the decedent's successor or representative" if (1) "the claim is not extinguished"; (2) the party to be substituted is "the proper party"; and (3) the substitution motion is made "within 90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1).

To determine whether the claim survives the death of the Plaintiff, courts look "first to whether the statute under which plaintiff is suing contains a 'specific directive' regarding the survival of plaintiffs claim in the event of the claimant's death." *Worrell v. Colvin*, No. 1:12-CV-3386 ENV, 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013) (Vitaliano, J.) (quoting *Perlow*

6

*v. Comm'r of Soc. Sec.*, No. 10-CV-1661 SLT, 2010 WL 4699871 (E.D.N.Y. Nov. 10, 2010) (Townes, J.)). The Social Security Act expressly provides for payment to survivors or heirs when the eligible person dies before any past-due benefit is completed pursuant to a specified order of priority. *See* 42 U.S.C. § 404(d). Therefore, Plaintiff's claim survives his death insofar as the underpayment has not yet been disbursed. *See also Perlow*, 2010 WL 4699871 at *1; *Divone v. Sec'y of Dep't of Health & Human Servs.*, No. CV-84-4950, 1989 WL 12643 (E.D.N.Y. Feb. 8, 1989) (Sifton, J.).

Plaintiff's counsel first advised the Court of Plaintiff's death on April 28, 2020. *See* ECF No. 21. Plaintiff's counsel served the motion papers on Defendant on September 4, 2020, and all briefing was filed with this Court on April 16, 2021. *See* ECF Nos. 23–28. Because the Court granted an extension of time to file in order for Plaintiff's counsel to locate Plaintiff's surviving son, the Court deems the substitution motion timely.

A "proper party" for substitution may be either "a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Worrell*, 2013 WL 3364373, at *2 (quoting *Garcia v. City of New York*, No. CV 08-2152 RRM MDG, 2009 WL 261365 at *1 (E.D.N.Y. Feb. 4, 2009) (Go, Mag. J.)). "However, 'where the plaintiff died destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute.'" *Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.*, No. 15 CIV. 9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (Rakoff, J.) (citing *Salley v. Flake et al.*, No. 10–CV–1754, at *1 (E.D.N.Y. June 15, 2012) (Amon, J.); *Perlow*, 2010 WL 4699871; *Divone*, 1989 WL 12643, at *1). Here, Plaintiff died intestate and left no assets. Second Bowes Decl. ¶ 13, ECF No. 27-1. Plaintiff was also not married at the time of his death and therefore is

7

not survived by a spouse. *Id.* at ¶ 14. Anthony Walsh, as Plaintiff's son and issue, would be a distributee of Plaintiff's estate if there were any assets to distribute. *See* N.Y. E.P.T.L. § 4-1.1(a)(3). Therefore, Anthony Walsh is a proper party for substitution. Furthermore, Defendant does not object to the substitution of Anthony Walsh as plaintiff. Def. Reply to Substitution Mot. at 4, ECF No. 28. Defendant does, however, assert the substitution of Anthony Walsh as plaintiff in this action does not necessarily determine the individual to whom the underpayment will be paid by the SSA. The Court agrees and thus grants Plaintiff's substitution motion. Distribution of the past-due benefits shall be determined in accordance with the provisions of the Social Security Act.

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion for attorney's fees under 42 U.S.C § 406(b) is granted in part, and Plaintiff's counsel is awarded $20,030.50. Upon receipt of this award from the government, Plaintiff's counsel shall promptly refund to Plaintiff $8,525.39, which represents the EAJA fees already received by counsel. Plaintiff's motion for substitution pursuant to Federal Rule of Civil Procedure 25(a) is also granted. The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 18 and 27.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 6, 2022
　　　　Brooklyn, New York